UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| RAYMOND TATE, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| v. | ) | No.   1:09-cv-65/1:09-cv-97 |
| | ) | *Chief Judge Curtis L. Collier* |
| DETECTIVE ANDY BROWNE, | ) | |
| DETECTIVE BAILEY, SHANIKA POWELL, | ) | |
| | ) | |
|     *Defendants*. | ) | |

## **MEMORANDUM**

Raymond Tate ("Tate"), a *pro se* prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 [Court Doc. 1]. Tate contends that Defendant Shanika Powell ("Powell"), under the supervision of Detective Andy Browne and Detective Bailey, wore an electronic surveillance monitoring device during a drug transaction with him which resulted in his arrest and prosecution. Tate contends that the defendants lacked judicial authorization to use the electronic surveillance monitoring device, and therefore, the interception of his conversation during the drug transaction was in violation of his Fourth Amendment right to be free from unreasonable searches.[1] Tate seeks compensatory and punitive damages against the defendants in various amounts.

Tate's initial § 1983 complaint was opened as Civil Action Number 1:09-cv-65. Prior to the Court reviewing that case Tate filed a second complaint that was essentially identical to the first complaint. The second complaint was opened as a new civil case, Civil Action Number 1:09-cv-97.

---

[1] Although violations of the Wiretap Act, could potentially imply the invalidity of a conviction, thus rendering the claim barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), "[t]he fact that some evidence used in a trial is tainted by illegality does not necessarily undermine the conviction, given the presence of other evidence and the limitations of the exclusionary rule." *Apampa v. Laying*, 157 F.3d 1103, 1105 (7th Cir. 1998) (discussing the potential applicability of *Heck* to a prisoner's civil suit alleging violation of the Wiretap Act against two United States Attorneys and a DEA agent).

Pursuant to Fed. R. Civ. P. 42(a) the District Court is afforded discretion concerning the purposes and scope of consolidation. Therefore, pursuant to Fed. R. Civ. P. 42(a) these cases will be consolidated. All future filings in both of these actions, Civil Action Number 1:09-cv-65 and Civil Action Number 1:09-cv-97, shall be filed in Civil Action Number 1:09-cv-65.

The Clerk will be **DIRECTED** to **CONSOLIDATE** these cases, file this document in both cases, and send the parties involved in these cases copies of this order and all relevant documents.

The Court will now consider the complaint, the motion to amend the complaint, and the motion to proceed *in forma pauperis* (Court File Nos. 1, 3, & 4).

I.      **Application to Proceed *In Forma Pauperis***

It appears from the application to proceed *in forma pauperis* submitted by Tate that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Tate is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Tate is an inmate or prisoner in custody at CCA Silverdale, he will be **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915. Tate shall pay the full filing fee of three-hundred and fifty dollars ($350.00) pursuant to Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Tate's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

        (a)    twenty percent (20%) of the average monthly deposits to Tate's inmate trust account; or

        (b)    twenty percent (20%) of the average monthly balance in Tate's

inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian **SHALL** submit twenty percent (20%) of Tate's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and order to the Warden and the Custodian of Inmate Accounts at CCA Silverdale, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee, to ensure the custodian of Tate's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Tate **SHALL** collect the filing fee as funds become available. This order **SHALL** become a part of inmate Tate's file and follow the inmate if he is transferred to another institution. The agency having custody of Tate **SHALL** continue to collect monthly payments from his prisoner account until the entire filing fee of $350.00 is paid.

Tate will be **ORDERED** to provide the prison officials at any new institution with a copy of this order. Failure of Tate to notify the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against him without any additional notice or hearing by the Court.

**II.     Service**

The Clerk will be **DIRECTED** to send Tate a service packet (a blank summons and USM 285 form) for each of the Defendants named in this action. Tate will be **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty (20) days of the date of receipt

3

of this Order.  At that time the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service.  Fed. R. Civ. P. 4.  Tate is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

Defendants **SHALL** answer or otherwise respond to the complaint within twenty (20) days from the date of service.

### IV. Motion to Amend

Tate has filed a motion to amend (Court File No. 4).  Rule 15 of the Federal Rules of Civil Procedure allows a party to "amend the party's pleading once as matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served." Fed.R.Civ.P 15.  The complaint has not been served, thus no responsive pleading has been served.  Accordingly, Tate's motion to amend will be **GRANTED** (Court File No. 4).

Tate will be **ORDERED** to inform the Court and Defendants or their counsel of record, immediately of any address changes. Failure to provide a correct address to this Court within **ten (10) days** following any change of address will result in the dismissal of this action.

An appropriate order will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

4